UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18cv220-MOC

|                                              |     |        |
| -------------------------------------------- | --- | ------ |
|                                              | )   |        |
| **THERESA FERGUSON,**                        | )   |        |
|                                              | )   | ORDER  |
| Plaintiff,                                   | )   |        |
|                                              | )   |        |
| v.                                           | )   |        |
|                                              | )   |        |
|                                              | )   |        |
| **NANCY BERRYHILL,**                         | )   |        |
| **Acting Commissioner of Social Security**   | )   |        |
|                                              | )   |        |
| Defendant.                                   | )   |        |
|                                              | )   |        |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary

Judgment.  (Doc. Nos. 11, 13).  The matter is ripe for review.  Having carefully considered such

motions and reviewed the pleadings, the court enters the following findings, conclusions, and

Order.

## FINDINGS AND CONCLUSIONS

### I.    Administrative History

Plaintiff applied for a period of disability and disability insurance benefits under Title II

of the Act and supplemental security income under Title XVI of the Act in October 2014 and

February 2015, respectively.  (Tr. 173, 175).  She alleged she became unable to work on

September 15, 2014.  (Tr. 173, 175).  Plaintiff's applications were denied initially and upon

reconsideration.  (Tr. 86, 96, 104).  She requested a hearing before an ALJ, (Tr. 114), and a

hearing was held before an ALJ on October 21, 2016.  (Tr. 39).  After considering the hearing

testimony and the other relevant evidence of record, the ALJ issued a written decision, finding

that Plaintiff was not disabled within the meaning of the Act during the period from her alleged onset date through the date of the decision, February 23, 2017. (Tr. 23). The Appeals Council denied Plaintiff's request to review the ALJ's decision on May 30, 2018, making the ALJ's decision the Commissioner's final administrative decision. (Tr. 1). Having exhausted her administrative remedies, Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision.

## II.    Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

This Court's review of the Commissioner's determination is limited to evaluating whether the findings are supported by substantial evidence and whether the correct law was applied. Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). A reviewing court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this Court will defer to the Commissioner's decision. Id. (internal quotation marks omitted). Thus, the only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## IV.    Substantial Evidence

### A.  Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.  The court finds that the ALJ's decision was supported by substantial evidence.

### B.  Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f).  The burden of proof and production during the first four steps of the inquiry rests on the claimant.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).  At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform.  Id.

## C.  The Administrative Decision

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Tr. 12).  At step two, the ALJ found that Plaintiff had the following severe impairments of status-post hip surgery, fibromyalgia, asthma, obesity, "depressive bipolar and related disorders[,] anxiety and obsessive compulsive disorders[,] somatic symptom and related disorders[,] and trauma and stressor related disorders."  (Tr. 12). At step three, the ALJ determined that Plaintiff's impairments did not, individually or in combination, meet or medically equal an impairment listed in appendix 1 to 20 C.F.R. part 404, subpart P.  (Tr. 13-15).  Before proceeding to step four, the ALJ examined the relevant evidence of record and provided a narrative discussion, finding that Plaintiff had the RFC to perform sedentary work, "except she should work with things rather than people" and "[s]he can have occasional contact with supervisors and coworkers but should not work with the public."  (Tr. 15).  Applying this RFC at step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (Tr. 22).  At step five, the ALJ found that Plaintiff had the ability to perform other work available in significant numbers in the national economy, citing the testimony of the

vocational expert ("VE"). (Tr. 22-23). In light of these findings, the ALJ found that Plaintiff

was not disabled under the Act at any time from her alleged onset date. (Tr. 23).

V. **Discussion**

Plaintiff appears to raise several challenges to the ALJ's findings. Plaintiff's arguments,

however, consist of conclusory statements and reliance on citations to case law without any

application to the facts of her case. Courts in this district have found that such arguments shall

not be considered. See Burgin v. Berryhill, No. 1:17-cv-00346-FDW, 2019 WL 1139500, at *5

(W.D.N.C. Mar. 12, 2019) ("Similarly, the Court will not consider Plaintiff's arguments

regarding an absence of a function-by-function analysis . . . as Plaintiff only makes conclusory

statements, cites case law without any explanation or application to the facts, and does not

properly set forth a separate assignment of error.") (citing Garrison v. Berryhill, No. 1:17-cv-

00302-FDW, 2018 WL 4924554, at *3 (W.D.N.C. Oct. 10, 2018) (noting that "[a]fter asserting

this one assignment of error, Plaintiff does not proceed to articulate any analysis or meaningful

legal arguments in support thereof. Instead, Plaintiff makes numerous conclusory assertions of

error that do not appear to relate directly to the assignment of error identified."); accord Sneden

v. Berryhill, No. 1:17-cv-00030-MR, 2018 WL 1385790, at *3 (W.D.N.C. Mar. 19, 2018); Curry

v. Berryhill, No. 1:16-cv-00388-MR, 2018 WL 1277746, at *4 (W.D.N.C. Mar. 12, 2018);

Powell v. Berryhill, No. 1:16-cv-00268-MR, 2017 WL 4354738, at *2 (W.D.N.C. Sept. 29,

2017); see also Mason v. Berryhill, No. 1:16-cv-00148, 2017 WL 2664211, at *4 (W.D.N.C.

May 30, 2017) ("In fact, this Court recently explained to counsel that it would not consider a

challenge to an RFC determination contained within another assignment of error."); Demag v.

Berryhill, No. 1:15-cv-00229-MR, 2017 WL 927258, at *5 n.5 (W.D.N.C. Mar. 8, 2017)

("Perplexingly, however, the Plaintiff does not proceed from the above paragraph to articulate

what 'Mascio standard' the ALJ allegedly violated, or how the ALJ's reasoning is inconsistent with Mascio, nor does she give any legal analysis discussing why the ALJ's decision necessitates the relief requested")). Accordingly, Plaintiff has presented no basis for reversal or remand of the ALJ's determination based on her undeveloped assignments of error. Nonetheless, the Court will address each such assignment of error below.

First, Plaintiff states: "We respectfully suggest that the medical record does not support the findings of the [ALJ] below." (Doc. No. 12 at 14). Plaintiff does not state which "finding" of the ALJ she is challenging here. Additionally, she does not identify what part of the "medical record" supports her allegation. Nonetheless, the ALJ's narrative discussion shows consideration of the relevant medical evidence from which the ALJ derived all his conclusions and findings. (Tr. 12-22). Plaintiff's vague argument is at best an undeveloped suggestion that this Court determine what findings were appropriate based on the medical records summarized in Plaintiff's brief. However, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589. Accordingly, absent any articulation of this argument and no specific allegation of error, remand on this basis is not warranted.

Plaintiff next suggests that the ALJ's "questioning of the vocational expert and the findings above quoted regarding the vocational expert's testimony were inadequate and violative of the principles set out in Mascio v. Colvin." (Doc. No. 12 at 14). Plaintiff goes on to state that "the ALJ below failed to provide the function-by-function analysis required by Mascio." (Id. at 15). Plaintiff, however, does not articulate what standard from Mascio was allegedly violated and does nothing to apply Mascio to the facts of her case. Instead, at most, she suggests simply

that the RFC, in the form of a hypothetical question to the VE, was inadequate, again without stating why or how.

To the extent Plaintiff's argument could be construed as an argument that the ALJ did not perform a "function-by-function" assessment, the relevant holding in <u>Mascio</u> is that remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015). Plaintiff does not specify any relevant or contested functions the ALJ failed to address. In any event, the ALJ properly addressed Plaintiff's mental and physical work-related limitations stemming from her impairments, as shown through the ALJ's lengthy narrative discussion of the relevant evidence. (Tr. 13-22). Because Plaintiff has failed to show that the ALJ failed to address a relevant or contested function despite contradictory evidence in the record, the ALJ's assessment of Plaintiff's limitations will be affirmed.

Next, Plaintiff states that the ALJ "does not evaluate in his assessment of the [RFC] the testimony of the Plaintiff at the hearing, only in responding in his adverse decision to the Plaintiff's testimony with what we suggest is a boilerplate response." (Doc. No. 12 at 15-16). In arguing that the ALJ did nothing but provide a boilerplate analysis of Plaintiff's testimony, Plaintiff overlooks the relevant analysis that is apparent on the face of the decision and demonstrates proper consideration of Plaintiff's allegations.

The ALJ recounted Plaintiff's testimony at the hearing as to her symptoms and limitations. (Tr. 15-16). The ALJ then discussed her course of treatment, examination results and observations, documented allegations, daily activities, and medical opinions as they related to both her mental and physical impairments. (Tr. 13-14, 16-21). The ALJ came to several

conclusions from this evidence, specifically as they related to her testimony of limitations. For instance, at step three, the ALJ specifically compared her testimony of mental limitations to the documentary evidence for each domain of mental functioning. (Tr. 13-14). In the RFC assessment, the ALJ identified several inconsistencies with the record, including Plaintiff's abilities to drive, do chores, and care for her grandchild, and the few observed difficulties with memory. (Tr. 17-19, 20). The ALJ did find, however, that the record supported limitations with interaction with others, although not to the extent alleged. (Tr. 19). In terms of Plaintiff's alleged physical limitations, the ALJ again considered the evidence in light of her testimony, ultimately finding that the record did support a limitation to sedentary work, but lacked support for difficulties sitting. (Tr. 20). In addition, the ALJ noted that Plaintiff's symptoms of pain from fibromyalgia may not have been as severe as alleged because her urine drug screen showed she was not taking her prescribed pain medication and she remained functional with household chores and childcare. (Tr. 20). Accordingly, the decision demonstrates proper consideration of Plaintiff's allegations.

Finally, Plaintiff states: "The use of limitations of functioning, in the hypothetical questions to a vocational expert of that the claimant should 'work with things rather than people' has repeatedly been found to be inadequate, given the inadequate hypothetical question provided to Dr. Robins, the vocational expert." (Doc. No. 12 at 16). Assuming that Plaintiff is arguing that the limitation to "working with things rather than people" is erroneous in every case, she presents no legal basis to support that claim. To the extent that Plaintiff argues that such a limitation is erroneous in this case, she does not allege how or why. In fact, here, the ALJ found that the record supported some difficulties interacting with others, resulting in "moderate" limitations. (Tr. 14). After discussing the evidence, the ALJ concluded that Plaintiff "should

work with things rather than people, meaning she can have occasional contact with supervisors and coworkers, but she should avoid work with the public." (Tr. 20). Plaintiff does not show how this finding is not supported by substantial evidence as discussed in the ALJ's decision. The decision in fact explains that some credible difficulties with interaction are supported by the record, and those are reasonably addressed by this limitation. Accordingly, this assignment of error fails.

In sum, Plaintiff's conclusory, undeveloped arguments have not satisfied her burden of alleging, let along proving, harmful error. See Radford v. Colvin, 734 F.3d 288, 291 (4th Cir. 2013) (stating that the claimant bears the burden of proof through step four of the sequential evaluation); 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (indicating that the RFC assessment takes place prior to, and is considered as part of, step four); Shinseki v. Sanders, 556 U.S. 396, 409-10 (2009) (stating that the party attacking the agency determination normally bears the burden of showing that an error was harmful); Garner v. Astrue, 436 Fed. Appx. 224, 226 n.* (4th Cir. 2011) (applying the Sanders harmless-error standard in a social security disability case); Keever v. Astrue, No. 1:11-cv-148, 2012 WL 2458376, at *7 (W.D.N.C. June 1, 2012) (finding that remand was not necessary, and that any error was harmless, because remand would not have led to a different result), report and recommendation adopted, No. 1:11-cv-148, 2012 WL 2449859 (W.D.N.C. June 27, 2012).

## VI.    Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

    (1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

    (2) Plaintiff's Motion for Summary Judgment, (Doc. No. 11) is **DENIED;**

    (3) The Commissioner's Motion for Summary Judgment, (Doc. No. 13) is **GRANTED;** and

    (4) This action is **DISMISSED.**

Signed: May 6, 2019

Max O. Cogburn Jr.
United States District Judge